## Neill *v.* Hunter, Appellant.

*Contract—Sale—Evidence—Question for jury.*

In an action to recover the price of lumber sold and delivered where there is evidence that the defendant ordered a car load of lumber from a third person whom he thought was in business for himself, and paid such person for the same before delivery, and subsequently such a third person ordered a car load of lumber from plaintiffs and directed it to be delivered and charged to defendant, and thereafter a car load was delivered, but the evidence is conflicting as to whether the lumber was delivered under the first order or the second, the case is for the jury. In such a case a finding by the jury that the lumber was delivered under the first order relieves the defendant from any payment to the plaintiffs.

Argued May 10, 1910. Appeal, No. 105, April T., 1910, by plaintiffs, from judgment of C. P. Beaver Co., June T., 1908, No. 503, on verdict for defendant in case of A. D. Neill and R. A. McDonald, trading as McDonald Lumber Company, v. George S. Hunter. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before HOLT, P. J.

At the trial it appeared that on November 8, 1906,

408        NEILL *v.* HUNTER, Appellant.

Statement of Facts—Opinion of the Court. [44 Pa. Superior Ct.

George S. Hunter, the defendant, purchased a car load of lumber from one V. McDonald, who claimed to be in business for himself, and paid for it; delivery to be made in the future. On April 17, 1907, V. McDonald, claiming to be a lumber broker, gave an order to McDonald Lumber Company for a car load of lumber, the same to be charged to George S. Hunter, defendant, for which he received a commission of $10.00. This order was sent in to McDonald Lumber Company without the knowledge of Hunter and was filled. When the lumber came, Hunter, supposing it to be the lumber he had paid for, caused it to be unloaded. Shortly thereafter he received a bill from the plaintiffs which he repudiated.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various instructions.

*W. S. Moore,* for appellants.

*Frank H. Laird,* with him *J. Rankin Martin,* for appellee.

OPINION BY HENDERSON, J., October 10, 1910:

The question at issue as exhibited by the record brought up was one of fact. If the lumber received by the defendant was that ordered by him through V. McDonald on April 17, 1907, the verdict should have been for the plaintiffs. If on the other hand the lumber was delivered pursuant to the order given November 8, 1906, and the payments were made to McDonald, as claimed by the defendant, the verdict was rightly rendered. There was no contradiction of the defendant's testimony, that when he gave the order of November 8 to McDonald the latter represented that he was acting for himself in selling the lumber and that the defendant so understood McDonald's position. On such a state of facts the payments in advance by the defendant to McDonald were a good credit on the

bill for the lumber when it was delivered; but if the account sued for was the price of lumber delivered under the order of April 17, 1907, the defendant could not claim credit for such payments. The jury was instructed to this effect in a clear and correct charge. The jury evidently found that the lumber was delivered on the order of November 8, and that there was no partnership at that time between the defendant and V. McDonald. A verdict for the defendant would necessarily follow from such finding. If the plaintiffs took a transfer from V. McDonald of an order for lumber given to him by the defendant they assumed the risk that McDonald had been paid in advance. We find nothing in the assignments of error which would justify a reversal of the judgment.

It is therefore affirmed.